**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Diana Sparks, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 6046 |
| | ) | |
| American Coradius International, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Diana Sparks, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Diana Sparks ("Sparks"), is a citizen of the State of Maryland, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a credit account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, American Coradius International, LLC ("ACI"), is an Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  ACI operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant ACI was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant ACI is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant ACI conducts business in Illinois.

6.      Moreover, Defendant ACI is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, ACI acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Sparks is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a OneMain Financial account.   When ACI began trying to collect this debt from Ms. Sparks, by sending her a collection letter dated May 4, 2012, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ACI's collection actions.  A copy of ACI's May 4, 2012 letter is attached as Exhibit C.

8.      Accordingly, on June 4, 2012, one of Ms. Sparks' attorneys at LASPD informed ACI, in writing, that Ms. Sparks was represented by counsel, and directed ACI to cease contacting her, and to cease all further collection activities because Ms. Sparks was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Nonetheless, Defendant ACI sent Ms. Sparks a collection letter, dated July 2, 2013, which demanded payment of the OneMain Financial debt.  A copy of this collection letter is attached as Exhibit E.

10.     Thus, on July 25, 2013, one of Ms. Sparks' LASPD attorneys had to write to Defendant ACI to once again demand that it cease communications and cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

11.     Defendant ACI's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant ACI's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Sparks', agent/attorney, LASPD, told Defendant ACI to cease communications and cease collections (Exhibit <u>D</u>).  By continuing to communicate regarding this debt and demanding payment (Exhibit <u>E</u>), Defendant ACI violated § 1692c(c) of the FDCPA.

16.     Defendant ACI's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19.     Defendant ACI knew that Ms. Sparks was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit <u>D</u>), that she was represented by counsel, and had directed Defendant ACI to cease directly communicating with her.  By directly sending Ms. Sparks the July 2, 2013 letter (Exhibit <u>E</u>), despite being advised that she was represented by counsel, Defendant ACI violated § 1692c(a)(2) of the FDCPA.

4

20.     Defendant ACI's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Diana Sparks, prays that this Court:

1.     Find that Defendant ACI's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Sparks, and against Defendant ACI, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Diana Sparks, demands trial by jury.

Diana Sparks,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 26, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com